**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE JOHN L. KANE**

Courtroom Deputy: Bernique Abiakam    Date: January 28, 2011
Court Reporter: Tracy Weir
Probation Officer: Katrina Devine

Criminal Action No.: 10-cr-00379-JLK

*Parties:*                               *Counsel:*

UNITED STATES OF AMERICA,                Gregory A. Holloway

    Plaintiff,

v.

JAY STUART DE VAUGHN,                    John E. Scipione

    Defendant.

---

**SENTENCING MINUTES**
*(Simultaneously heard with Criminal Case Nos. 10-cr-00132-JLK and 10-cr-00254-JLK)*

---

**10:03 a.m.    Court in session.**

Court calls case. Counsel present. Defendant present in custody.

**Change of Plea Hearing: August 26, 2010.**

**Defendant plead guilty to Counts One, Two, and Three of the Information.**

Parties received and reviewed the presentence report.

Statements by the victims.

Statement by the Government, Mr. Holloway. Questions by the Court.

Statement by Defense Counsel, Mr. Scipione. Questions by the Court.

Statement by the Defendant, Mr. DeVaughn.

Comments and rulings by the Court.

*10-cr-00379-JLK*
*Sentencing*
*January 28, 2011*

**ORDERED:** United States' Motion Under U.S.S.G. 3E1.1(b) For 1-Level Reduction In Defendant's Offense Level For Acceptance Of Responsibility (Filed 1/26/11; Doc. No. 20) is GRANTED, and Defendant's Objections are OVERRULED.

**THE DEFENDANT IS SENTENCED AS FOLLOWS:**

**IMPRISONMENT:**
Defendant is sentenced as to Counts One through Seven in Criminal Case No. 10-cr-00132-JLK to a term of imprisonment of 24 months; and sentenced as to Counts One through Three in Criminal Case No. 10-cr-00254-JLK to a term of imprisonment of 24 months; and sentenced as to Counts One through Three in Criminal Case No. 10-cr-00379-JLK.  The **terms are to be served consecutively for a total sentence of 72 months**.

**It is the recommendation of the Court that the Bureau of Prisons designate a Federal Medical Center for service of the defendant's sentence.**

**SUPERVISED RELEASE:**
Upon release from imprisonment, defendant shall be placed on supervised release as to Counts One through Seven in Criminal Case No. 10-cr-00132-JLK  for a period of 3 years; and as to Counts One through Three in Criminal Case No. 10-cr-00254-JLK for a period of 3 years; and as to Counts One through Three in Criminal Case No. 10-cr-00379-JLK for a period of 3 years.  The **terms are to run concurrently for a total period of 3 years**.

**Conditions of supervised release:**
- (X)   Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (X)   Defendant shall not commit another federal, state or local crime.
- (X)   Defendant shall not possess a firearm or destructive device.
- (X)   Defendant shall comply with the standard conditions adopted by the Court.
- (X)   Defendant shall not illegally possess controlled substances.
- (X)   Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (X)   Defendant shall cooperate in the collection of DNA as directed by the probation officer.
- (X)   Defendant shall pay restitution.

*10-cr-00379-JLK*
*Sentencing*
*January 28, 2011*

**Special conditions of supervised release:**
- (X) Defendant shall participate in a program of testing and treatment for drug abuse, including prescription medication, as directed by the probation officer until such time as the defendant is released from the program by the probation officer.
- (X) Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment.  Defendant will be required to pay the cost of treatment as directed by the probation officer.
- (X) Defendant shall participate in a program of mental health treatment as directed by the probation officer until such time as defendant is released from the program by the probation officer.  Defendant shall pay the cost of the treatment as directed by the probation officer.
- (X) The Probation Officer is authorized to release to the treatment agency all psychological reports and/or presentence reports for continuity of treatment.
- (X) Defendant shall remain medication compliant and shall take all psychotropic medications that are prescribed by his treating psychiatrist.  The defendant cooperate with random blood tests as requested by his treating psychiatrist and/or his supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.
- (X) Defendant shall make payment on any restitution obligation.  Within 60 days after release from confinement, the defendant shall meet with the probation officer to develop a plan for the payment of restitution.  This plan will be based upon the defendant's income and expenses.  The plan will be forwarded to this Court for review and approval.
- (X) Defendant shall apply any monies received from income tax funds, lottery winnings, inheritances, judgments, sale of assets or unanticipated unexpected financial gains to the outstanding court ordered financial obligations in this case, as directed by the probation officer.
- (X) Defendant shall have no contact, directly or indirectly, with the Government officials as identified in the counts of conviction.
- (X) Defendant shall reside in a residential reentry center for a period of up to 180 days to commence upon release from custody and shall observe the rules of that facility.
- (X) Defendant shall be placed on home detention for a period not to exceed 180 days to be commenced upon release from his residential reentry center.  During this period, the defendant shall remain at his place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer.
- (X) Defendant shall maintain a telephone at his place of residence without special services, modems, answering machines, or cordless telephones for the above period.

*10-cr-00379-JLK*
*Sentencing*
*January 28, 2011*

   (X)  Defendant shall wear an electronic monitoring device and shall observe the rules specified by the probation department.  Defendant will be required to pay the cost of electronic monitoring as directed by  the probation officer.

**FINE:**
No fine is imposed because the defendant has no ability to pay a fine.

**RESTITUTION:**

  **ORDERED:  Ruling on restitution is DEFERRED, pending a hearing on the specified issues.**

**SPECIAL ASSESSMENT FEE:**
Defendant shall pay a Special Assessment Fee of $ 1300.00, due immediately.

Defendant is advised of the right to appeal.

**ORDERED:  Defendant's Formal Request For A Notice Of Appeal is ACCEPTED and will be filed as of January 28, 2011.**

**ORDERED:  Defendant is remanded to the custody of the United States Marshal for the District of Colorado.**

**12:16 p.m.  Court in recess.**
Hearing concluded.
Total in-court time: 43 minutes.